Dieter C. Dammeier, SBN 188759
Dieter@DammeierLaw.com
**DAMMEIER LAW FIRM**
9431 Haven Avenue, Suite 232
Rancho Cucamonga, CA 91730
Telephone: (909) 240-9525
Facsimile:  (909) 912-1901

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GAFFNEY, ANDRE JEROME SOTO, JOHN C. O'LEARY, GUIDO QUARTAROLI and JEFF PROVANCHER, on behalf of themselves and all similarly situated individuals<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA CLARA,<br><br>Defendant. | Case No.: 5:18-cv-6500<br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION – 29 U.S.C. § 216** |

# I.

# <u>JURISDICTION</u>

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the controversy arises under "the Constitution, laws or treatises of the United States." Specifically, the claim rises under the Fair Labor Standard Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), for which the Federal Courts have jurisdiction to enforce pursuant to 29 U.S.C. § 216.

## II.
## VENUE

2. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391(b) because the acts, events, or omissions given rise to the claim occurred in this District.

## III.
## PARTIES

3. Plaintiffs, CHRISTOPHER GAFFNEY, ANDRE JEROME SOTO, JOHN C. O'LEARY, GUIDO QUARTAROLI and JEFF PROVANCHER are United States citizens and currently employed by the Defendant, City of Santa Clara.

4. Defendant, CITY OF SANTA CLARA ("Defendant" or "City"), is and at all relevant times was, the employer of Plaintiffs. Defendant is a political subdivision of the State of California. Defendant is an employer whose employees are engaged in commerce within the meaning of 29 U.S.C. §207(a) and as defined in 29 U.S.C. §§203(d) and 203(e)(2)(c).

## IV.
## COLLECTIVE ACTION ALLEGATIONS

5. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated who work, or have worked, for Defendant at any time since August 24, 2014 and were not paid their complete statutory overtime compensation. Those individuals are similarly situated and constitute a well-defined community of interest in their respective questions of law and fact relevant to this action. Plaintiffs' claims are typical of those of other individuals similarly situated. Plaintiffs will fairly and adequately represent the interests of those similarly situated.

6. This action is brought by Plaintiffs as a collective action, on their own behalf and on behalf of all others similarly situated, under the provisions of 29

U.S.C. section 216, for damages, liquidated damages, a three-year statute of limitations plus any applicable tolling periods, and relief incident and subordinate thereto, including costs and attorney fees.

7. On information and belief, the exact number of members similarly situated in the collective group, as herein above described, is estimated to consist of well over one-hundred individuals.

8. Plaintiffs' claims and the claims of those similarly situated depend on a showing of Defendant's acts and omissions giving rise to Plaintiffs' rights to relief sought herein. There is no conflict as to the named Plaintiffs and other members of the collective group seeking to opt in, with respect to this action, or with respect to the claims for relief herein set forth.

9. This action is properly maintained as a collective action in that the prosecution of separate actions by individual members of the collective group would create a risk of adjudication with respect to individuals members of the class which may as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or may substantially impair or impede their ability to protect their interests.

10. Plaintiff's counsel, Dieter C. Dammeier, is experienced and capable in the field of FLSA and labor/employment litigation, having represented hundreds of public sector claimants in similar wage and hour claims, including several litigated cases identical to the instant case.

11. This action is appropriate for conditional certification as a collective action because Defendant subjected Plaintiffs and all members of the collective class to the same practice for purposes of the FLSA, with respect to cash payments made in lieu of health insurance and other specialty pays (out of class pay, paramedic pay and hazardous materials pay) but failing to include such cash payments in the overtime rate calculation.

12. This factual nexus is sufficient to justify the Court to exercise its discretion to ensure that accurate and timely notice is given to all similarly situated former and current employees of Defendant so that they may make an informed decision about whether to join this action.

## V.
## FACTS

13. Plaintiffs are currently employed, or were employed between August 24, 2014 and October 24, 2018 ("applicable period"), as firefighters with the Defendant City of Santa Clara.

*Tolling Agreement*

14. The City of Santa Clara and the bargaining unit representing the City's firefighters, including the Plaintiffs, entered into tolling agreements, tolling any applicable statute of limitations for FLSA claims involving the improper calculation of the overtime rate by excluding cash payments made in lieu of health insurance, out of class pay, paramedic pay and hazardous materials pay from the overtime rate calculation.

15. Pursuant to the tolling agreement and extension agreements, the statute of limitations was tolled from June 5, 2017 through August 5, 2018, thereby adding 14 months to the two or three year statute of limitations under the FLSA.

*Improper "Regular Rate" Calculation*

16. Pursuant to 29 U.S.C. Section 207(e), the "regular rate" must include all remuneration received by an employee unless it is explicitly excluded. This "regular rate" is then used to calculate overtime pay under the FLSA.

17. The City of Santa Clara has failed to properly include several items of compensation in the "regular rate" as required by the FLSA, including cash in lieu of medical benefits, out of class pay, paramedic pay and hazardous duty pay.

*Cash In Lieu of Medical Benefits*

18. The City of Santa Clara and the bargaining unit representing the City's firefighters, including the Plaintiffs, have entered into agreements set forth in Memorandum of Understandings ("MOU's"), which allows for employees to choose a health insurance "cash in lieu" option.

17. Under the "cash in lieu" option, employees of the City, including Plaintiffs, are entitled to receive "cash-out" payments for any unused portion of their medical benefits.

18. Defendant is obligated to follow the terms of the MOU's. (29 C.F.R. §778.102)

19. Plaintiffs have been exercising their option to receive the cash-out payment for the unused portion of their medical benefits.

20. However, Defendant has failed to apply the cash-out portions of Plaintiffs unused medical benefits to Plaintiffs "regular rate" of pay when calculating overtime pay.

21. The Central District Court in 2013 (affirmed by the Ninth Circuit in 2016) found this form or payment to not be excludable in determining the "regular rate" when calculating overtime payments. This was widely publicized in the public employment sector and Defendant was aware of these decisions.

22. In addition to the "cash-out" portion that was improperly excluded from the overtime rate, the entire amount paid as either "cash-out" or for medical benefits should have been included in the overtime rate. This is so because the entire benefit amount is not part of a "bona-fide plan" that is required for the City to exclude the amount paid toward medical benefits from the overtime rate. The City's medical benefit plan is not a "bona-fide plan" because the cash payments made to employees is more than "incidental" to the plan.

*Specialty Pays Excluded from "Regular Rate"*

23. The City of Santa Clara, pursuant to MOU's with its firefighter bargaining unit, pays when applicable, out of class pay, paramedic pay and hazardous materials pay.

24. Here again, the City has failed to include such pays in the "regular rate" of pay for overtime calculations.

25. Defendant knew or should have known of their obligation to include the cash-out portions of Plaintiffs unused medical benefits, out of class pay, paramedic pay and hazardous materials pay that was paid to Plaintiffs in their "regular rate" of pay but nevertheless failed to do so.  Thus, Defendant failed to pay Plaintiffs for overtime compensation at one and one half times their regular rate of pay.

26. Defendant acted voluntarily and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs in accordance with the FLSA.

27. Plaintiffs have no administrative remedies to exhaust, and in this matter are not required to.

*Settlement for Partial Damages*

28. The City of Santa Clara has provided payment for a portion of the FLSA damages arising in this case to some of the Plaintiffs.  As a prerequisite for such payment, the City required employees to sign a Settlement Agreement that was not approved by the Court or Department of Labor as required by the FLSA to be enforceable.

## VI.
## CLAIM FOR RELIEF

29. As a direct and proximate result of their failure and refusal to pay such compensation, Defendant has violated Title 29 U.S.C. §207, et seq.

30. As a direct and proximate result of Defendant's conduct, Plaintiffs have been damaged in an amount according to proof at trial including, but not limited to, a sum equivalent to the unpaid overtime compensation as required by 29 U.S.C. §216(b) and such other and further damages as may be shown at the time of trial.

31. Plaintiffs are also entitled to liquidated damages in a sum equal to the amount of the unpaid compensation due and owing pursuant to 29 U.S.C. §216(d).

32. Plaintiffs are also entitled to recovery of reasonable attorney fees and costs in pursuit of this action pursuant to 29 U.S.C. §216(b).

33. Doing all things described and alleged, Defendant has deprived, and continues to deprive Plaintiffs of their rights, privileges and immunities which were clearly established at the time the Defendant acted herein and the Defendant knew or should have known that its conduct would violate these rights, privileges and immunities. The Defendant acted with the intent to deprive Plaintiffs of their rights, privileges, and immunities by purposely and intentionally refusing and failing to pay or compensate Plaintiffs for hours they provided.

**WHEREFORE**, Plaintiffs pray for Judgment as follows:

34. All actual, consequential, liquidated and incidental losses and damages, according to proof;

35. Such other damages as may be allowed in accordance with the Federal Rules of Civil Procedure, Rule 54(c), and 29 U.S.C. §216 according to proof at trial;

36. Attorney fees pursuant to 29 U.S.C. §216 and costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure;

37. Any and all other relief, including equitable relief, as the Court may deem just and proper.

1
2
3  Date: October 24, 2018                    Respectfully submitted,

                                            **DAMMEIER LAW FIRM**

                                            __/s/ Dieter C Dammeier_____
                                            Dieter C. Dammeier
                                            Attorneys for Plaintiffs